■ In the Matter of BROOKE LOUISE H., a Child Alleged to be Neglected. LUTHERAN COMMUNITY SERVICES, INC. Respondent, v MARY H., Appellant.—

Respondent contends that petitioner's failure to make diligent efforts to unite her and her daughter precludes a finding of permanent neglect. However, the evidence demonstrated that petitioner arranged visitation and attempted to assist respondent in obtaining housing but respondent kept only 4 of

36 scheduled visits between March 1986 and August 1987 and refused assistance in obtaining housing. Failure to maintain contact with a child or infrequent or insubstantial contact constitute grounds for a finding of permanent neglect *(Matter of Star Leslie W.,* 63 NY2d 136, 143). Further, where an agency's efforts are frustrated by "an utterly un-co-operative or indifferent parent", the agency has fulfilled its duty by making reasonable efforts under the circumstances *(Matter of Sheila G.,* 61 NY2d 368, 385). In addition, proof of diligent effort is not required where, as here, the parent failed to apprise the agency of her whereabouts for a period of more than six months (Social Services Law § 384-b [7] [e]; *Matter of O. Children,* 128 AD2d 460, 465).

Contrary to respondent's contention, a proper foundation was laid for admission of the agency's case record as a business record (CPLR 4518 [a]) by the testimony of the caseworker with personal knowledge of the business practices of the agency *(Sabatino v Turf House,* 76 AD2d 945, 946). Concur—Murphy, P. J., Sullivan, Ross, Asch and Smith, JJ.