█ In the Matter of JAYSON M. and Another, Children Alleged to be Permanently Neglected. ALBERTO P., Also Known as ANTONIO R., Appellant; BROOKWOOD CHILDCARE SERVICES, Respondent.—Final orders, Family Court, New York County (Judith Sheindlin, J.) entered on or about January 11, 1990, which terminated respondent's and the natural mother's parental rights to Jessica M. and Jayson M., freed the children for adoption, and transferred custody of the children to the Commissioner of Social Services and petitioner-respondent, Brookwood Childcare Services, are unanimously affirmed, without costs.

The law in this area is well settled. Initially, the court must determine whether the agency exercised diligent efforts to reunite the separated family *(Matter of Sheila G.,* 61 NY2d 368; Social Services Law § 384-b [7] [f]). The parent has the obligation to maintain contact with the child and also to realistically plan for the child[ren]'s future *(Matter of Star Leslie W.,* 63 NY2d 136). While incarceration is not a ground in and of itself for termination of parental rights, an incarcerated parent is not excused from the requirement that he or she realistically plan for his/her child's future *(Matter of Gregory B.,* 74 NY2d 77). Thus, where the agency's efforts are frustrated by an uncooperative or indifferent parent, incarcerated or not, the agency fulfills its duty by making reasonable efforts under the circumstances *(Matter of Gregory B., supra; Matter of Star Leslie W., supra; Matter of Brooke Louise H.,* 158 AD2d 425).

In the present case, respondent was incarcerated for approximately eight months of the relevant one year time period prior to the filing of the petitions. The agency exercised diligent efforts initially to contact respondent after learning of his existence from the children's natural mother. Although the agency kept in contact with respondent's family and arranged for family visits, both while he was incarcerated and when he was at liberty, he and the family rarely if ever kept those visits. Respondent failed to deal with his drug dependency, and was reincarcerated for selling drugs after he was told by the agency caseworker that he must address his own problems as part of the future plan for his children. In short, the respondent failed to take steps to plan for his children's future, and did not even move toward establishing his paternity.

The court correctly found that the best interests of the children would be served by terminating respondent's parental rights and releasing the children to the agency and the Commissioner for adoption by their foster parent, with whom they have resided since being placed, and with whom they have developed significant bonds. The children's paternal grandmother has no greater rights to custody and adoption at the dispositional phase than the foster mother (*Matter of Peter L.*, 59 NY2d 513), as respondent's paternity has not been established. Thus, her status as the children's grandmother is in doubt. Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.