■ In the Matter of LATASHA C., a Child Alleged to be Permanently Neglected. LARRY F., Appellant; ST. CHRISTOPHER'S JENNIE CLARKSON CHILD CARE SERVICES, INC., Respondent. [602 NYS2d 11] —Order of disposition, Family Court, New York County (Ruth Jane Zuckerman, J.), entered January 13, 1992, which, insofar as appealed from, terminated respondent putative father's parental rights and transferred guardianship and custody of the subject child to petitioner agency and the Commissioner of Social Services for the purpose of adoption without the consent of or further notice to respondent, following a fact-finding determination that respondent had permanently neglected the child, unanimously affirmed, without costs.

The court properly found that petitioner made diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]). "Of course, the agency is not charged with a guarantee that the parent succeed in overcoming his or her predicaments." *(Matter of Sheila G.,* 61 NY2d 368, 385.) A failure by a parent to either maintain contact or realistically plan for the child's future will support a finding of permanent neglect *(Matter of Star Leslie W.,* 63 NY2d 136, 142-143), and such planning responsibilities also apply to parents, such as respondent, who are incarcerated *(Matter of Gregory B.,* 74 NY2d 77, 89). Unable to provide any viable alternative resources, the best that can be said of respondent is that he planned to have the child remain in foster care for at least six years while he remained incarcerated. Such a plan is not appropriate *(supra,* at 89-90). Concur —Rosenberger, J. P., Asch, Kassal and Rubin, JJ.