■ In the Matter of OMAR GARRY G., an Infant. JEWISH CHILD CARE ASSOCIATION OF NEW YORK et al., Respondents; FERNANDO G., Appellant. [603 NYS2d 860] —Order of disposition, Family Court, New York County (Ruth Jane Zuckerman, J.), entered September 24, 1991 which, *inter alia,* terminated the parental rights of respondent and transferred the care and custody of the subject child to petitioner and to the Commissioner of Social Services for the City of New York, unanimously affirmed, without costs.

Respondent is incarcerated and will not become eligible for parole until the year 2000. Accordingly, while respondent made diligent efforts to maintain contact with the child, his only plan for the care of the child during his extended prison term was to have the child remain in foster care until his release. The record supports the Family Court's conclusion that respondent-father never suggested to petitioner agency that he had relatives in Cuba who were ready, willing and able to care for the child during his extended period of incarceration. It was not the intent of the Legislature to approve a plan of indefinite foster care for the child of an incarcerated parent who is serving a lengthy prison term and who cannot provide the child with an alternative living arrangement *(Matter of Gregory B.,* 74 NY2d 77; *see also,* Social Services Law § 384-b [1] [a], [b]). The petitioning agency fulfilled its obligation to employ "diligent efforts to encourage and strengthen the parental relationship" between respondent

and his son (Social Services Law § 384-b [7] [a]). Concur— Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.