■ In the Matter of MARCEL F., Also Known as BRANDON F. SALVATION ARMY, Appellant; MERCEDES C., Respondent. [622 NYS2d 603] —In a proceeding pursuant to Social Services Law § 384-b to adjudicate Marcel F. a/k/a Brandon F. a permanently neglected child and to terminate the mother's parental rights, the Salvation Army appeals from an order of the Family Court, Queens County (Lauria, J.), entered March 8, 1993, which, after a fact-finding hearing, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition to adjudicate Marcel F. to be a permanently neglected child is granted, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing in accordance herewith.

The appellant contends that the fact-finding hearing amply supports a finding of permanent neglect, that it made diligent attempts to strengthen the parent-child relationship, and that, despite its encouragement, the mother failed to maintain continuous contact with her son on a regular basis and failed to plan for the future of the child. We agree.

The child in question Michael F., was born on June 18, 1990, with a positive toxicology for cocaine. On June 29, 1990, the child was remanded to the custody of the Commissioner of Social Services after a finding of neglect by the Family Court. Thereafter, the Commissioner of Social Services transferred the child's placement to the Salvation Army, the appellant herein. On July 28, 1990, the Salvation Army adopted a plan to work with the child's mother to effectuate the discharge of the child to her custody. The Salvation Army identified four goals that the mother had to meet before the child would be returned to her custody: (1) visitation with the child on a biweekly basis, (2) participation in a drug treatment program, (3) participation in a parenting skills program, and (4) obtaining a suitable income. The mother failed to meet these goals. On June 5, 1991, the Commissioner of Social Services approved the Salvation Army's request for a goal change to that of adoption for the child.

In the instant case, the Salvation Army proved by clear and convincing evidence that it met its statutory obligation to

exercise diligent efforts to encourage and strengthen the parental relationship. The child's mother only attended four of the nine visits scheduled from June 1990 through December 1990. She did not attend any of the 26 visits scheduled in 1991, nor did she visit the child in 1992, prior to the filing of the petition on January 21, 1992. The child's mother attended a drug treatment program for a few months in 1990, but left the program before its completion. In November 1990 the Salvation Army referred the child's mother to a parenting skills program. However, she never attended that program or any other parenting skills program. The mother's attempts to formulate a plan for the child's return consisted of suggesting her aunt as a possible resource. The Salvation Army discharged its responsibility by contacting and inviting the aunt for an interview to discuss plans for the child. However, the aunt never contacted the Salvation Army again, and the child's mother did not suggest any other potential resources. Finally, the mother's neglect is evidenced by her failure to apprise the agency of her whereabouts for a period of six months (see, Social Services Law § 384-b [7] [e] [i]; Matter of Katina Valencia H., 119 AD2d 821).

We conclude the Salvation Army satisfied its burden of proving permanent neglect in that the child's mother has permanently neglected her son by failing to maintain contact with him and to plan for his future despite the diligent efforts by the appellant to encourage and reunite them (see, Matter of Star Leslie W., 63 NY2d 136).

Upon a finding of permanent neglect, the matter must be remitted to the Family Court, Queens County, for the dispositional hearing, to be conducted as expeditiously as possible, to determine the best interests of the child (see, Family Ct Act §§ 623, 625 [a]; § 631). O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.