■ In the Matter of CARMEN N. PEDRO N., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [655 NYS2d 651] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based on permanent neglect, the father appeals from an order of disposition of the Family Court, Kings County (Yancey, J.), dated October 30, 1995, which, upon a fact-finding order of the same

court dated February 22, 1995, finding that he permanently neglected the child, terminated his parental rights and committed the child to the custody and guardianship of the petitioner for the purposes of adoption. The appeal brings up for review the fact-finding order dated February 22, 1995.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The father was arrested approximately three months before the birth of his daughter Carmen in September 1991 and was subsequently sentenced to a period of 9 to 18 years imprisonment. Carmen was placed in the care of the petitioning agency in January 1992 due to neglect by the mother, and she has remained in foster care since then. In January 1994 the agency commenced this proceeding to terminate parental rights on the ground of permanent neglect. After the petition was filed, the mother surrendered her parental rights. The father, however, participated in the fact-finding and dispositional hearings. The court made a finding of permanent neglect and terminated the father's parental rights.

The evidence established that the agency made diligent efforts to encourage and strengthen the parental relationship consistent with the best interests of the child *(see,* Social Services Law § 384-b [7] [f]), as it attempted to assist the father in formulating a plan for Carmen's future and provided him with pictures and progress reports. The father had an obligation to maintain contact with Carmen and to realistically plan for her future, even though he was incarcerated *(see, Matter of Gregory B.,* 74 NY2d 77; *Matter of Jayson M.,* 177 AD2d 396). Although the father made efforts to maintain contact with Carmen, the record reveals that he failed to plan for her future. The father was unable to provide any "realistic and feasible" alternative to having Carmen remain in foster care until his earliest possible release on parole in the year 2000 *(see,* Social Services Law § 384-b [7] [c]; *Matter of Latasha C.,* 196 AD2d 756). Accordingly, the court properly terminated his parental rights on the ground of permanent neglect.

The father's remaining contentions are either unpreserved for review *(see, Matter of Dixie Lu EE.,* 142 AD2d 747) or without merit. Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.