■ In the Matter of C. CHILDREN. TERRY T., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Respondents. [677 NYS2d 177] —In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the father, the appeal is from a dispositional order of the Family Court, Kings County (Greenbaum, J.), dated July 31, 1996, which, upon a fact-finding order of the same court dated October 27, 1994, made after a hearing, terminated the father's parental rights and committed his two children to the custody and guardianship of the petitioners, the Commissioner of Social Services of the City of New York and Episcopal Social Services, for the purposes of adoption. The appeal brings up for review the fact-finding order dated October 27, 1994.

Ordered that the dispositional order is affirmed, without costs or disbursements.

In a proceeding to terminate parental rights based on permanent neglect, the petitioners must establish as a threshold matter that they exerted diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Sheila G.*, 61 NY2d 368, 371). Contrary to the father's contention, the ev-

idence established that the petitioners made diligent efforts to assist him in formulating a plan for his children's future and provided him with progress reports on his children (*see, Matter of Carmen N.,* 237 AD2d 607). The father had an obligation to maintain contact with his children and to realistically plan for their future, even though he was incarcerated (*see, Matter of Carmen N., supra; Matter of Gregory B.,* 74 NY2d 77). Although the father made efforts to maintain contact with his children, the record reveals that he failed to plan for their future as he was unable to provide any "realistic and feasible" alternative to having them remain in foster care until his earliest release from prison, some two years later (*see, Matter of Carmen N., supra,* at 608, citing Social Services Law § 384-b [7] [c]; *Matter of Latasha C.,* 196 AD2d 756). Accordingly, the Family Court properly terminated his parental rights on the ground of permanent neglect (*see, Matter of Carmen N., supra*).

The father's changed circumstances were insufficient to warrant a suspended judgment, given the absence of any real relationship between himself and the children and the bond that the children have developed with the competent foster mother who has been caring for their special needs (*see, Matter of Shaka Efion C.,* 207 AD2d 740, 741; *see also, Matter of Latesha Nicole M.,* 219 AD2d 521, 522). Miller, J. P., Krausman, McGinity and Luciano, JJ., concur.