■ In the Matter of RENELLE S., Also Known as RENELLE W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RONNIE S., Appellant. [732 NYS2d 432] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from stated portions of an order of fact-finding and disposition (one paper) of the Family Court, Kings County (Greenbaum, J.), dated February 26, 1999, which, after fact-finding and dispositional hearings, *inter alia,* found that he had permanently neglected the subject child, terminated his parental rights with respect to the child, and transferred custody and guardianship rights of the child to the Commissioner of the Administration for Children's Services for adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

In a proceeding to terminate parental rights based on permanent neglect, the petitioner must establish as a threshold matter that it exerted diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Sheila G.,* 61 NY2d 368, 371). Contrary to the appellant's contention, the

evidence established that the petitioner made diligent efforts to assist him in formulating a plan for his child's future (*see, Matter of Carmen N.,* 237 AD2d 607). The appellant had an obligation to maintain contact with his child and to realistically plan for her future, even though he was incarcerated (*see, Matter of Carmen N., supra; Matter of Gregory B.,* 74 NY2d 77). Although the appellant made efforts to maintain contact with his child, he failed to plan for her future, as he was unable to provide any "realistic and feasible" alternative to having her remain in foster care while he serves a prison term of 15 years to life. There is also evidence that the child is doing well with the stable maternal kinship foster mother, her great aunt, with whom she has lived almost her entire life and who wants to adopt her (*see, Matter of Nicole Monique H.,* 270 AD2d 205; *Matter of Arron Brandend C.,* 267 AD2d 107; *Matter of Carmen N., supra,* at 608; Social Services Law § 384-b [7] [c]). Accordingly, the Family Court properly terminated the appellant's parental rights on the ground of permanent neglect (*see, Matter of Nicole Monique H., supra; Matter of Arron Brandend C., supra; Matter of Carmen N., supra*).

The appellant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.