■ In the Matter of VEDAL DURAL B., Also Known as PATRICK B., a Child Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; ANTHONY S., Appellant. (Proceeding No. 1.) In the Matter of ANTHONY RAHEEM B., Also Known as RAHEEM B., a Child Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; ANTHONY S., Appellant. (Proceeding No. 2.) In the Matter of BRITTNEY LYNETTE B., Also Known as BRITTNEY B., a Child Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; ANTHONY S., Appellant. (Proceeding No. 3.) In the Matter of CARTWRIGHT B., Also Known as CARTWRIGHT ANTHONY B., a Child Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; ANTHONY S., Appellant. (Proceeding No. 4.) [735 NYS2d 625] —In four related proceedings pursuant to Social Services Law § 384-b, *inter alia*, to terminate the parental rights of the father to the children Vedal Dural B. a/k/a Patrick B., Anthony Raheem B. a/k/a Raheem B., Brittney Lynette B. a/k/a Brittney B., and Cartwright B. a/k/a Cartright Anthony B., on the basis of permanent neglect and abandonment, the father appeals, as limited by his brief, from so much of four orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Freeman, J.), all entered May 15, 2000, as, after fact-finding and dispositional hearings, terminated his parental rights and committed the children to the custody and guardianship of the petitioner and the Commissioner of Social Services of the City of New York, for the purpose of adoption.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contentions, the evidence established that the petitioner made diligent efforts to assist him in maintaining substantial contact with his children by, *inter alia*, arranging for bi-weekly telephone calls between the appellant and the children while he was incarcerated, providing him with progress reports of the children during the telephone contacts, arranging for visitation between his mother and the children, and repeatedly requesting that he provide it with a realistic and feasible resource for the children (*see, Matter of C. Children,* 253 AD2d 554; *Matter of Nassau County Dept. of Social Servs. [James M.] v Diana T.,* 207 AD2d 399; *Matter of Osuany G.,* 186 AD2d 476). Moreover, the finding of permanent neglect was supported by clear and convincing evidence that the appellant, while incarcerated, failed to maintain substantial contact with the children for more than one year

and failed to offer a viable plan for the children's future, despite the diligent efforts of the petitioner (*see, Matter of Phillip DeJohne E.,* 279 AD2d 360; *Matter of C. Children, supra*).

In addition, the finding that it was in the children's best interest to be adopted by their related foster parents, with whom they have lived and thrived for most of their lives, is supported by a preponderance of the evidence (*see, Matter of Phillip DeJohne E., supra; Matter of Jayson M.,* 177 AD2d 396). Luciano, J. P., Townes, Crane and Prudenti, JJ., concur.