In two related proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the parents of Baby Girl C. and Isiah S. on the ground of permanent neglect, the father appeals from two dispositional orders of the Family Court, Kings County (Staton, J.), both dated July 16, 2002 (one in each proceeding), which, after fact-finding and dispositional hearings, terminated his parental rights and transferred custody and guardianship of the subject children to Leake and Watts Ser *594 vices, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.
Ordered that the orders are affirmed, without costs or distributions.
Contrary to the father’s contentions, the evidence presented at the fact-finding hearing established that the agency made diligent, efforts to assist him in maintaining contact with the children and planning for their future (see Social Services Law § 384-b [7] [a]) by, inter alia, keeping him apprised of the children’s welfare during monthly telephone conversations, facilitating referrals for the father’s enrollment in the required programs during his incarceration, and repeatedly reminding him of the need to find a resource for the care of his children (see Matter of Vedal Dural B., 289 AD2d 574 [2001]; Matter of Osuany G., 186 AD2d 476 [1992]). Moreover, the finding of permanent neglect was supported by clear and convincing evidence that the father failed to plan for the children’s future, as he was unable to provide any “realistic and feasible” alternative to having them remain in foster care until his earliest release from prison, some 16 months later (see Matter of Star Leslie W., 63 NY2d 136, 143 [1984]; Matter of Renelle S., 288 AD2d 229, 230 [2001] ; Matter of C. Children, 253 AD2d 554, 555 [1998]; Matter of Carmen N., 237 AD2d 607, 608 [1997]). The father was apprised that his aunt was not an acceptable resource, and discussions with the father’s sister revealed that she was disinclined to come forward as a possible resource after seeing how happy the children were in their foster home. Despite adequate warning from the agency of the consequences of failing to plan, the father did not suggest any other potential resources (see Matter of Marcel F., 212 AD2d 705, 706 [1995]). As stated by the Court of Appeals, “an incarcerated parent may not satisfy the planning requirement of the statute where the only plan offered is long-term foster care lasting potentially for the child’s entire minority” (Matter of Gregory B., 74 NY2d 77, 90 [1989]).
The finding that it was in the children’s best interest to be adopted by their foster parents, with whom they have lived and thrived for most of their lives, is supported by a preponderance of the evidence (see Matter of Tenisha Tishonda T., 302 AD2d 534, 535 [2003]; Matter of Luno Scott A., 292 AD2d 602, 603 [2002] ; Matter of Sarah Jean R., 290 AD2d 511, 512 [2002]). Prudenti, EJ., Altman, Smith and Crane, JJ., concur.