■ In the Matter of LOVE RUSSELL J., Also Known as LOVE J. ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES, INC., et al., Respondents; RUSSELL STACEY J., Also Known as RUSSELL J., Also Known as RUSSEL J., Appellant. (Proceeding No. 1.) In the Matter of JANUARY STACEY J., Also Known as JANUARIE J., Also Known as JANUARY J. ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES, INC., et al., Respondents; RUSSELL STACEY J., Also Known as RUSSELL J., Also Known as RUSSEL J., Appellant. (Proceeding No. 2.) [776 NYS2d 859]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of two orders of fact-finding and disposition of the Family Court, Kings County (Elkins, J.), both dated March 6, 2003 (one as to each child), as, after fact-finding and dispositional hearings, determined that he permanently neglected the children, terminated his parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the evidence presented at the fact-finding hearing established that the petitioner Angel Guardian Children and Family Services, Inc. (hereinafter the agency), made diligent efforts to assist him in maintaining contact with the children and planning for their future (see Social Services Law § 384-b [7] [a]) by, inter alia, facilitating visitation, keeping him apprised of the children's welfare, and repeatedly reminding him of the need to find a resource for the care of his children (see Matter of Vedal Dural B., 289 AD2d 574 [2001]; Matter of Osuany G., 186 AD2d 476 [1992]). Moreover, the finding of permanent neglect was supported by clear and convincing evidence that the father, who was incarcerated, failed to plan for the children's future, as he was unable to provide any "realistic and feasible" alternative to having them remain in foster care until his release from prison (Social Services Law § 384-b [7] [c]; see Matter of Star Leslie W., 63 NY2d 136, 143 [1984]; Matter of Renelle S., 288 AD2d 229, 230 [2001]; Matter of C. Children, 253 AD2d 554, 555 [1998]; Matter of Carmen N., 237 AD2d 607, 608 [1997]). The father was apprised that his sisters were not viable resources. Despite a warning from the agency of the consequences of failing to plan, the father did not suggest any other potential resources (see Matter of Marcel F., 212 AD2d 705, 706 [1995]). "[A]n incarcerated parent may not satisfy the planning requirement of the statute where the only plan offered is long-term foster care lasting potentially for the

child's entire minority" (*Matter of Gregory B.*, 74 NY2d 77, 90 [1989]).

The finding that it was in the children's best interests to be freed for adoption was supported by a preponderance of the evidence (*see* Family Ct Act §§ 623, 631). Altman, J.P., H. Miller, Goldstein and Skelos, JJ., concur.