■ In the Matter of "FEMALE" V., Also Known as KIMBERLY V. LAKESIDE FAMILY & CHILDREN'S SERVICES et al., Respondents; GERMAN V., Appellant. (Proceeding No. 1.) In the Matter of JUANA LEE V. LAKESIDE FAMILY & CHILDREN'S SERVICES et al., Respondents; GERMAN V., Appellant. (Proceeding No. 2.) In the Matter of NATHAN LEE V. LAKESIDE FAMILY & CHILDREN'S SERVICES et al., Respondents; GERMAN V., Appellant. (Proceeding No. 3.) In the Matter of PATRICK GERMAN V. LAKESIDE FAMILY & CHILDREN'S SERVICES et al., Respondents; GERMAN V., Appellant. (Proceeding No. 4.) In the Matter of NOUCHIE WESLEY V. LAKESIDE FAMILY & CHILDREN'S SERVICES et al., Respondents; GERMAN V., Appellant. (Proceeding No. 5.) In the Matter of CASSANDRA LEE V. LAKESIDE FAMILY & CHILDREN'S SERVICES et al., Respondents; GERMAN V., Appellant. (Proceeding No. 6.) [803 NYS2d 636]—

In six related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of six orders of fact-finding and disposition of the Family

Court, Kings County (Freeman, J.) (one as to each child), each dated September 10, 2004, as, after a hearing, found that he permanently neglected his children Kimberly, Juana Lee, Nathan Lee, Patrick German, Nouchie Wesley, and Cassandra Lee, terminated his parental rights, and transferred the guardianship and custody of the subject children to the petitioner Lakeside Family and Children's Services for purposes of adoption.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

In a proceeding to terminate parental rights based on permanent neglect, the petitioners must establish as a threshold matter that they exerted diligent efforts to encourage and strengthen the parental relationship (see Matter of Sheila G., 61 NY2d 368, 371 [1984]). Contrary to the father's contention, the evidence presented at the fact-finding hearings established that the petitioners made diligent efforts to assist him in maintaining contact with his children and planning for their future (see Social Services Law § 384-b [7] [a]) by, inter alia, facilitating visitation, keeping him apprised of the children's welfare, and repeatedly reminding him of the need to find a resource for the care of his children (see Matter of Love Russell J., 7 AD3d 799 [2004]). Moreover, the finding of permanent neglect was supported by clear and convincing evidence that the father, who was incarcerated, failed to plan for the children's future, as he was unable to provide any "realistic and feasible" alternative to having them remain in foster care until his release from prison (Social Services Law § 384-b [7] [c]; see Matter of Star Leslie W., 63 NY2d 136, 143 [1984]; Matter of Renelle S., 288 AD2d 229, 230 [2001]; Matter of C. Children, 253 AD2d 554, 555 [1998]). "[A]n incarcerated parent may not satisfy the planning requirement of the statute where the only plan offered is long-term foster care lasting potentially for the child's entire minority" (Matter of Gregory B., 74 NY2d 77, 90 [1989]).

Accordingly, the Family Court properly terminated his parental rights on the ground of permanent neglect (see Matter of C. Children, supra). Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.