In the Matter of DEBORAH E.C., Appellant, v SHAWN K., Appellant, and GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [883 NYS2d 401]—

Appeals from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered December 17, 2007 in a proceeding pursuant to Family Court Act article 6. The order denied the petition for custody.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent father and his wife, petitioner stepmother, appeal from an order denying the Family Court Act article 6 petition of the stepmother seeking custody of the father's son and, in appeal No. 2, they appeal from an order denying the stepmother's "modification petition" under Family Court Act article 10, also seeking custody of the father's son. In appeal No. 3, the father appeals from a subsequent order terminating his parental rights with respect to his son. The father and his son's biological mother were the subjects of a Family Court Act article 10 neglect petition, and the biological mother's parental rights previously were terminated. The father is presently incarcerated until at least 2013. Although his son had for a period of time been placed with a family friend, he was transferred to foster care in June 2006 when the family friend could no longer care for him. In January 2007, the stepmother and the father married, and the stepmother filed the petitions for custody at issue in appeal Nos. 1 and 2. Family Court held one hearing on both petitions and, in thereafter denying the petitions, the court determined that the stepmother should not be awarded custody because she had "emotional issues" and "an extended history of relationships with male figures marked by both domestic violence and substance abuse."

In appeal Nos. 1 and 2, the father and the stepmother

contend, inter alia, that the court used improper standards of review. We reject that contention. With respect to the article 6 petition, even assuming, arguendo, that the stepmother was required to establish the existence of extraordinary circumstances, we conclude that she did so (*see Matter of Vann v Herson*, 2 AD3d 910, 911-912 [2003]; *see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]). Thus, the focus with respect to the article 6 petition became the best interests of the child (*see Bennett*, 40 NY2d at 548; *Matter of Autumn B.*, 299 AD2d 758, 759 [2002]). With respect to the article 10 "modification petition" seeking custody, we likewise conclude that the focus was the best interests of the child. Under the provisions of article 10 as they existed at the time of the hearing, the stepmother was required to establish that she was a "suitable person" with whom the child could reside (*see* Family Ct Act § 1017 [2] [a] [former (i), (ii)]; § 1055 [former (a) (i)]; *Matter of Seth Z.*, 45 AD3d 1208, 1210 [2007]). That analysis incorporates a best interests standard of review (*see Matter of Harriet U. v Sullivan County Dept. of Social Servs.*, 224 AD2d 910, 911 [1996]). Under the provisions of article 10, as it has been amended (*see* L 2008, ch 519), there is now an explicit "best interests" standard of review for such petitions (*see* § 1055-b [a] [ii]; *Matter of Gabriel James Mc.*, 60 AD3d 1066 [2009]).

It is well established that a trial court's determination of a child's best interests "must be accorded the greatest respect" (*Eschbach v Eschbach*, 56 NY2d 167, 173 [1982] [internal quotation marks omitted]), and will not be disturbed if " 'it has a sound and substantial basis in the record' " (*Matter of Westfall v Westfall*, 28 AD3d 1229, 1230 [2006], *lv denied* 7 NY3d 706 [2006]). Here, "[a]lthough there is little doubt that the child has psychologically bonded with [the stepmother] to some degree, ' [t]he degree of bonding is simply one factor among the totality of the circumstances [to be] considered by Family Court' " (*Matter of Esposito v Shannon*, 32 AD3d 471, 473 [2006]). On the record before us, we see no basis to disturb the determination of the trial court that custody with the stepmother is not in the child's best interests. Contrary to the contention of the father and stepmother, the court properly considered the father's incarceration and the potential that the father may relapse into a life of crime or substance abuse (*see generally Matter of Marie Annette M.*, 23 AD3d 167, 169 [2005]; *Matter of Van Orman v Van Orman*, 19 AD3d 1167, 1168 [2005]; *Matter of Bishop v Livingston*, 296 AD2d 602, 604 [2002]).

Contrary to the father's contention in appeal No. 3, once the

court determined that custody with the stepmother was not a "realistic and feasible plan" (Social Services Law § 384-b [7] [c]), the father was required to make other arrangements for the long-term care of his son in order to avoid a finding of permanent neglect, and he failed to do so. Rather, his only viable plan for his son was long-term foster care. "[A]n incarcerated parent may not satisfy the planning requirement of the statute where the only plan offered is long-term foster care" (*Matter of Gregory B.*, 74 NY2d 77, 90 [1989]; *see Matter of "Female" V.*, 21 AD3d 1118, 1119 [2005], *lv denied* 6 NY3d 708 [2006]; *Matter of Shawn O.*, 19 AD3d 238 [2005]; *cf. Matter of Latasha F.*, 251 AD2d 1005 [1998]). Thus, the court properly terminated the father's parental rights upon finding that the father had permanently neglected his son.

Finally, we conclude that the father received meaningful representation (*see generally Matter of John KK.*, 34 AD3d 1050, 1051 [2006]; *Matter of Nicholas GG.*, 285 AD2d 678, 679-680 [2001]). Present—Centra, J.P., Peradotto, Green, Pine and Gorski, JJ.