In the Matter of JESSE M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CYNTHIA L., Respondent. STEVEN BANKS, as Attorney for the Child, Nonparty Appellant; JOSEPH M., Nonparty Respondent. (Proceeding No. 1.) In the Matter of NIKOLAS L., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CYNTHIA L., Respondent. STEVEN BANKS, as Attorney for the Child, Nonparty Appellant; JOSEPH M., Nonparty Respondent. (Proceeding No. 2.) In the Matter of SAPPHIRE M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CYNTHIA L., Respondent. STEVEN BANKS, as Attorney for the Child, Nonparty Appellant; JOSEPH M., Nonparty Respondent. (Proceeding No. 3.) In the Matter of SHAWN M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CYNTHIA L., Respondent. STEVEN BANKS, as Attorney for the Child, Nonparty Appellant; JOSEPH M., Nonparty Respondent. (Proceeding No. 4.) [899 NYS2d 666]—In related child protective proceedings pursuant to Family Court Act article 10, Steven Banks, the attorney for the children, appeals from an order of the Family Court, Richmond County (McElrath, J.), dated July 1, 2009, which, without a hearing, authorized the Administration for Children's Services to release the children Jesse M., Sapphire M., and Shawn M. to the temporary custody of their father, nonparty Joseph M. By decision and order of this Court dated July 9, 2009, among other things, the order was stayed pending hearing and determination of the appeal.

Ordered that the order dated July 1, 2009, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.

The Family Court improvidently exercised its discretion in awarding temporary custody of the subject children Jesse M., Sapphire M., and Shawn M. to the father without a hearing. As the New York City Administration for Children's Services correctly concedes, questions of fact exist as to whether the father is a "suitable" temporary custodian (Family Ct Act § 1017 [1] [a]). Therefore, a hearing is necessary to determine the question of his suitability (*see* Family Ct Act § 1011 [one purpose of Family Court Act § 1017 is to "help safeguard (the infant's) physical, mental, and emotional well-being"]; *Matter of Deborah E.C. v Shawn K.*, 63 AD3d 1724, 1725 [2009]; *see also Matter of Harriet U. v Sullivan County Dept. of Social Servs.*, 224 AD2d 910, 911 [1996] [defining "suitability" as requiring a best interest determination]).

Contrary to the Family Court's determination, *Matter of Alfredo S. v Nassau County Dept. of Social Servs.* (172 AD2d 528 [1991]) is not applicable to this case. Rivera, J.P., Florio, Miller and Austin, JJ., concur.