# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**127**
**CAF 11-00591**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF RICARDO L. SMITH,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TEEOHMBAYE S. INCE, RESPONDENT-APPELLANT.

---

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR PETITIONER-RESPONDENT.

RAYMOND D. GRINNALS, ATTORNEY FOR THE CHILD, SYRACUSE, FOR TYRESE I.

-------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered February 24, 2011 in a proceeding pursuant to Family Court Act article 6.  The order, among other things, awarded petitioner sole legal custody and primary physical custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order that granted sole legal custody and primary physical custody of the parties' child to petitioner father, with visitation to the mother.  We affirm. Following a hearing, Family Court determined that the father has a strong bond with the child and is better suited to provide a stable home to the child (*see generally Fox v Fox*, 177 AD2d 209, 211-212). The court also determined that neither the mother nor the maternal grandmother was a credible witness and that, in the event that it awarded custody to the mother, she would continue to undermine the father's relationship with the child.  "[T]he court's assessment of the credibility of the witnesses is entitled to great weight, and the court was entitled to credit the testimony of the father over that of the mother" and the maternal grandmother (*Matter of Kobel v Holiday*, 78 AD3d 1660; *see Matter of Danielle S. v Larry R.S.*, 41 AD3d 1188). Contrary to the contention of the mother, we conclude that there is a sound and substantial basis in the record for the court's determination that an award of sole custody to the father is in the best interests of the child (*see Matter of Deborah E.C. v Shawn K.*, 63 AD3d 1724, 1725, *lv denied* 13 NY3d 710; *Matter of Jeremy J.A. v Carley*

A., 48 AD3d 1035; *Matter of Angel M.S. v Thomas J.S.*, 41 AD3d 1227).

Entered: January 31, 2012                    Frances E. Cafarell
                                             Clerk of the Court