In a guardianship proceeding pursuant to Family Court Act article 6, the subject child, Hannah B., appeals, by permission, from an order of the Family Court, Kings County (Wohlforth, Ct. Atty. Ref.), dated October 15, 2012, which, without a hearing, appointed the petitioners temporary guardians of the subject child. By decision and order on motion dated November 5, 2012, this Court, inter alia, stayed enforcement of the order pending hearing and determination of the appeal.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith before a different referee.
*529 The subject child was born in 2000, in California, where she resided until January 19, 2012, when the child and her mother, who was terminally ill, went to New York to stay with the child’s maternal grandparents. The mother passed away on February 6, 2012. Thereafter, the child continued to live in the grandparents’ home and attended school in New York until the end of the school year in June 2012, at which time the child went to stay with family friends in Connecticut for the summer.
On June 8, 2012, the grandparents commenced this proceeding for guardianship of the child in the Family Court, Kings County. On July 16, 2012, Monique A., an alleged friend of the mother with whom the mother and the child had lived in California, filed a petition in the Superior Court of the County of San Bernardino in California (hereinafter the California court) for guardianship of the child. Monique alleged, inter alia, that the child had expressed the desire to return to California and to live with her permanently.
On August 20, 2012, the California court issued temporary letters of guardianship to Monique. Shortly thereafter, Monique went to Connecticut where the child was staying for the summer and, with the consent of local law enforcement authorities in Connecticut, brought the child back to California with her.
On September 17, 2012, the California court “rescinded” the temporary letters of guardianship issued to Monique in light of the pending guardianship proceeding in New York. On October 9, 2012, Monique filed a motion for leave to intervene in the New York guardianship proceeding.
At a proceeding conducted before the Family Court on October 10, 2012, an attorney for Monique appeared and represented that the child had lived with Monique since the fall of 2010, as well as having lived with her “off and on during her childhood.” The attorney for the child also appeared, stating that she had spoken over the telephone with the child, who stated that she wanted Monique to be her guardian, and that she did not want to return to New York to live with her grandparents, with whom she had a “terrible relationship.” The attorney for the child added that the child had accompanied the mother to New York before the mother’s death so that she could “say goodbye to her family,” but “she did not want to come,” and that the mother had not left any instructions for the child’s care after her death.
The attorney for the child requested that the Family Court dismiss the instant proceeding for lack of jurisdiction because the child did not reside in New York for six months before commencement of this proceeding as required to confer jurisdiction pursuant to Domestic Relations Law § 76 (1) (a) (see Domestic *530 Relations Law § 75-a [7]). The presiding Court Attorney Referee (hereinafter the Referee) permitted each of the parties to submit a memorandum of law and affidavits regarding, inter alia, the issue of jurisdiction.
In an affidavit submitted by Monique, she attested, inter alia, that the mother and the child had moved in with her in July 2010, and that when the mother moved out to live with another friend in July 2011, the child continued to live in Monique’s home until January 2012 when she went to New York with her mother. Monique added that “[w]hen [the child] was told she was going to New York, she stated that she did not want to go,” and “mentioned that her mother told her she would be able to come back to California.”
The grandfather attested in his affidavit, inter alia, that the mother went to live with Monique after she became ill, and paid rent to allow her and the child to stay. The grandfather added that the mother “could not deal with the stressful situation of living with [Monique] any longer and instead chose to live in her car . . . with [the child].” The grandfather stated that he believed the mother intended for the child to live with the grandparents in New York after her death.
At a proceeding conducted before the Family Court on October 15, 2012, the Referee indicated that she had spoken with the Judge presiding over the California guardianship proceeding, and that “based on his understanding of the law, he deferred jurisdiction to New York.” The attorney for the child asserted that the Referee was required to provide a record of her communications with the California court pursuant to Domestic Relations Law § 75-i, and the Referee reserved judgment on that issue.
In an order dated October 15, 2012, the Family Court appointed the grandparents temporary guardians of the child. The Family Court noted that there were issues of fact “in dispute,” including “when and for how long the child may have lived with [Monique],” which precluded a finding as to whether jurisdiction may be premised on Domestic Relations Law § 76 (1). Nevertheless, the Family Court ruled that it had jurisdiction based on SCPA 1702 (1) in light of the child’s residence in New York for approximately five months immediately prior to the commencement of the subject proceeding.
By decision and order on motion dated November 5, 2012, this Court granted a motion by the attorney for the child for leave to appeal from the order dated October 15, 2012, and, in effect, to stay enforcement of that order pending hearing and determination of the appeal.
*531 Contrary to the Family Court’s determination, Domestic Relations Law § 76 (1) “is the exclusive jurisdictional basis for making a child custody determination by a court of this state” (Domestic Relations Law § 76 [2] [emphasis added]). A child custody determination includes an initial determination made in a guardianship proceeding (see Domestic Relations Law § 75-a [3], [4]). Consequently, it was improper for the Family Court to rely on SCPA 1702 (1) to confer jurisdiction to, in effect, modify physical custody of the child so as to direct that the child be relocated to New York under the physical custody of the grandparents. Rather, if New York is to have jurisdiction, that jurisdiction must be predicated on Domestic Relations Law § 76 (1). Since there are issues of fact regarding whether New York has jurisdiction pursuant to Domestic Relations Law § 76 (1), including when and for how long the subject child was in the custody of Monique, the matter must be remitted to the Family Court, Kings County, for a hearing on these issues (see Domestic Relations Law §§ 76 [1] [a], [b]; 75-a [7], [13]).
Moreover, even if the Family Court, Kings County, had jurisdiction, under the circumstances of this case, where an issue of fact was raised as to whether the grandparents were suitable temporary custodians, the Family Court should not have made a determination granting temporary guardianship of the child to the grandparents without conducting a hearing as to whether it was in the best interests of the child (see Matter of Swinson v Brewington, 84 AD3d 1251, 1253 [2011]; Matter of Garcia v Ramos, 79 AD3d 872, 873 [2010]).
Furthermore, the Family Court erred in failing to provide the parties with a record of its communication with the California court pursuant to Domestic Relations Law § 75-i, as requested (see Matter of Joy v Kutzuk, 99 AD3d 1049, 1051 [2012]).
In light of intemperate remarks made by the Referee which were indicative of bias, we deem it appropriate to remit the matter for proceedings before a different referee (see People v Jenkins, 84 AD3d 1403, 1408 [2011]; Matter of Garcia v Ramos, 79 AD3d 872, 873 [2010]; Janousek v Janousek, 108 AD2d 782, 785 [1985]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.