In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated March 11, 2013, which, after fact-finding and dispositional hearings, found that he permanently neglected the children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption.
Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced the instant proceedings after the father was arrested and incarcerated in Florida. Following fact-finding and dispositional hearings, the Family Court determined that the petitioner used diligent efforts to encourage and strengthen the father’s relationship with the subject children, given his incarceration in Florida, but that he failed to plan for the children’s future. The court terminated the father’s parental rights, and freed the children for adoption.
Contrary to the father’s contention, the evidence presented at the fact-finding hearing established that the petitioner made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7]; Matter of Gregory *782 B., 74 NY2d 77, 86 [1989]; Matter of Star Leslie W., 63 NY2d 136, 140 [1984]), despite the father’s incarceration, by keeping him apprised of the children’s welfare, sending him service plan reviews, forwarding his letters and photographs to them, sending him their photographs, exploring the resources in Florida provided by him, as well as reminding him of the need to find a custodial resource for the care of his children in New York, where the children resided (see Matter of Charles K. [Charles L.], 100 AD3d 1308, 1308-1309 [2012]; Matter of Jeremy D.R., 40 AD3d 764, 765 [2007]; Matter of Love Russell J., 7 AD3d 799, 800 [2004]; Matter of Vedal Dural B., 289 AD2d 574 [2001]). Visitation would not have been in the children’s best interests in light of their young ages, the distance they would have had to travel to the Florida penitentiary, and their medical and behavioral issues (see Matter of Charles K. [Charles L.], 100 AD3d at 1309; Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1234 [2010]).
Despite the petitioner’s efforts, the father failed to plan for the future of the children (see Social Services Law § 384-b [7] [a]), as the father’s suggested custodial resources resided in Florida and were not relatives, and the father did not provide any viable alternative plan for the return of the children (see Matter of Jeremy D.R., 40 AD3d at 765; Matter of Love Russell J., 7 AD3d at 800-801; Matter of Dominique S., 276 AD2d 367, 368 [2000]).
“[T]he court in the dispositional hearing must be concerned only with the best interests of the child[ren]. There is no presumption that those interests will be served best by return to the parent” (Matter of Star Leslie W., 63 NY2d at 147-148). The Family Court properly found that the best interests of the children would be served by terminating the father’s parental rights and freeing the children for adoption (see Family Ct Act § 631).
The father’s remaining contentions are either not properly before this Court or without merit. Balkin, J.E, Chambers, Austin and Roman, JJ., concur.