Matter of Poltorak v Poltorak (2018 NY Slip Op 08662)





Matter of Poltorak v Poltorak


2018 NY Slip Op 08662


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-09822
2017-09823
2017-10982
 (Docket Nos. V-12525-17, V-12526-17, V-12527-17, V-24393-17, V-26509-17)

[*1]In the Matter of Eliyahu C. Poltorak, respondent,
v
Bella Poltorak, etc., appellant. (Proceeding No. 1)
In the Matter of Bella Poltorak, appellant,
v
Eliyahu C. Poltorak, respondent. (Proceeding Nos. 2 and 3)


New York Legal Aid Assistance Group, New York, NY (Beth E. Goldman and Amanda M. Beltz of counsel), for appellant.
Eliyahu C. Poltorak, Brooklyn, NY, respondent pro se.
Janis A. Parazzelli, Floral Park, NY, attorney for the children Chaya M. P. and Abraham S. P.
Vivienne M. Hewitt, Brooklyn, NY, attorney for the child Menachem M. P.
In a custody proceeding pursuant to Family Court Act article 6 and related habeas corpus proceedings, the mother appeals (1), by permission, from an order of the Family Court, Kings County (Sharon A. Bourne-Clarke, J.), dated September 19, 2017, (2), by permission, from a temporary order of custody and visitation of the same court dated September 20, 2017, and (3) from an order of the same court dated October 11, 2017. The order dated September 19, 2017, granted



DECISION & ORDER
the father's petition for a writ of habeas corpus and directed that the parties' oldest child be returned to the care and custody of the father. The temporary order of custody and visitation, insofar as appealed from, awarded temporary physical custody of the parties' oldest child to the father. The order dated October 11, 2017, denied the mother's petition for a writ of habeas corpus seeking the return of the parties' oldest child to her. By decision and order on motion of this Court dated October 16, 2017, enforcement of the order dated September 19, 2017, and so much of the order dated September 20, 2017, as awarded temporary custody of the parties' oldest child to the father, was stayed pending the earlier of either the hearing and determination of the appeals or the issuance of a dispositional order by the Family Court in these proceedings.
ORDERED that the order dated September 19, 2017, is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements; and it is further,
ORDERED that the temporary order of custody and visitation dated September 20, 2017, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements; and it is further,
ORDERED that the order dated October 11, 2017, is reversed, on the law, without costs or disbursements; and it is further,
ORDERED that the matters are remitted to the Family Court, Kings County, for a hearing and new determination, to be held forthwith; and it is further,
ORDERED that pending the hearing and new determination, the parties' oldest child shall reside with the mother, and the father shall have parental access with the oldest child on alternating weekends.
The parties, who are married, but separated in 2013, are the parents of three children who are 13, 11, and 8 years old, respectively. The children resided with the mother in Brooklyn until July 2016, when the mother moved with the two youngest children to New Haven, Connecticut; at that same time, the oldest child (hereinafter the subject child) began to reside with the father. In February 2017, the mother removed the subject child from the father's residence to reside with her in Connecticut based on the subject child's allegations that the father had beaten the subject child with a stick or cane and locked him out of the house.
Thereafter, in May 2017, the father filed a petition in the Family Court, Kings County, seeking, inter alia, custody of the subject child, and shortly thereafter, filed an order to show cause with the same court seeking parental access with the subject child. At a proceeding on May 8, 2017, on the order to show cause, at which counsel for the parties were present but the parties themselves were not, the Family Court issued an oral directive awarding the father parental access with the subject child on alternating weekends, and, in effect, continued the subject child's primary physical residence with the mother. The parties then appeared in Family Court on two additional dates in May and June 2017 in connection with these and related proceedings, and the court continued the father's access schedule with the subject child. Thereafter, in September 2017, the mother filed a petition for a writ of habeas corpus, alleging that the father refused to return the subject child to the mother after a weekend visit. On September 5, 2017, on an emergency application, the Family Court issued a writ requiring the father to produce the subject child to the mother.
Approximately two weeks later, after conducting an in camera interview with the subject child, the Family Court, in an order dated September 19, 2017, granted a petition for a writ of habeas corpus by the father seeking return of the subject child from the mother and directed that the subject child be returned to the care and custody of the father. The next day, in an order dated September 20, 2017, the court, inter alia, awarded temporary physical custody of the subject child to the father on the grounds that the subject child had been living with the father prior to February 2017 and wished to return.
The mother appealed from these two orders and sought an emergency stay from this Court. In an order to show cause signed on September 25, 2017, this Court temporarily stayed enforcement of the orders dated September 19, 2017, and September 20, 2017, pending the hearing and determination of the mother's motion in this Court, inter alia, to stay enforcement of those orders, and reinstated the father's prior access schedule with the subject child on alternate weekends which, in effect, continued the child's previous primary residence with his mother (hereinafter this Court's 2017 temporary restraining order).
Based on this Court's 2017 temporary restraining order, the mother thereafter returned to the Family Court seeking a writ of habeas corpus for the return of the subject child. In an order dated October 11, 2017, the Family Court denied the mother's petition on the basis that there was no existing custody order and no child safety issues. The mother also appealed from the order dated October 11, 2017.
Thereafter, by decision and order on motion dated October 16, 2017, this Court granted the mother's motion to stay enforcement of the order dated September 19, 2017, and so much of the order dated September 20, 2017, as awarded temporary custody of the subject child to the father, pending the earlier of either the hearing and determination of the appeals or the issuance of a dispositional order in the Family Court proceedings.
" The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances'" (Matter of Ledbetter v Singer, 162 AD3d 1031, 1031, quoting Matter of James M. v Kevin M., 99 AD3d 911, 912-913; see Eschbach v Eschbach, 56 NY2d 167, 172). "[I]n any action concerning custody or [parental access] where domestic violence is alleged, the court must consider the effect of such domestic violence upon the best interest of the child, together with other factors and circumstances as the court deems relevant in making an award of custody" (Matter of Wissink v Wissink, 301 AD2d 36, 39 [internal quotation marks omitted]; see Domestic Relations Law § 240[1]; Matter of Felty v Felty, 108 AD3d 705, 707). In addition, consideration may be given to the express wishes of older and more mature children, but such wishes are not dispositive (see Matter of Cannella v Anthony, 127 AD3d 745; Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047).
As a general rule, "a custody determination should be made only after a full and fair hearing at which the record is fully developed" (Matter of Ledbetter v Singer, 162 AD3d at 1031-1032). Under the circumstances of this case, the Family Court did not have sufficient evidence before it to reach a sound conclusion that it was in the subject child's best interests for the father to have temporary custody pending determination of the issue of permanent custody. Throughout the proceedings, there were controverted allegations of excessive corporal punishment by the father against the subject child and the court was informed that the subject child suffers from certain mental health issues that were being treated in Connecticut.
Accordingly, the order dated September 19, 2017, must be reversed, and the order dated September 20, 2017, must be reversed insofar as appealed from, and the matters remitted to the Family Court, Kings County, for a hearing and determination of a custody arrangement (and parental access schedule) that serves the subject child's best interests, including an order of temporary custody and parental access pending a final determination (see Matter of Ledbetter v Singer, 162 AD3d at 1032; Matter of Garcia v Ramos, 79 AD3d 872, 873).
The order dated October 11, 2017, must also be reversed, and the mother's petition for a writ of habeas corpus granted. Pending the hearing and new determination by the Family Court, Kings County, the subject child shall reside with the mother, and the father shall have parental access with the subject child on alternating weekends.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court