■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of SCOTT M., JR., Appellant-Respondent, v JANNA C. et

al., Respondents-Appellants. [655 NYS2d 600] —In a proceeding pursuant to Family Court Act article 10, the Department of Social Services appeals from so much of an order of the Family Court, Nassau County (Medowar, J.), entered August 24, 1995, as, after a fact-finding hearing, restored custody of the child to the parents. The mother, Janna C., appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the same court, entered February 26, 1996, as made a finding of neglect against her and awarded custody of the child to the Department of Social Services, and the father separately appeals from so much of the same order as made a finding of neglect against him. The father's notice of appeal from the order entered August 24, 1995, is deemed a premature notice of appeal from so much of the order entered February 26, 1996, as made a finding of neglect against him (see, CPLR 5520 [c]).

Ordered that the appeal by Department of Social Services is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition entered February 26, 1996, is modified, on the law, by deleting the provision thereof awarding custody of the child to the Department of Social Services; as so modified, the order of fact-finding and disposition entered February 26, 1996, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a dispositional hearing, to be held with all convenient speed, in accordance herewith; and it is further,

Ordered that pending the determination of the Family Court, Nassau County, to be made following the dispositional hearing, custody of the child shall remain with the Department of Social Services.

The appeal by the Department of Social Services was rendered academic by the entry of the order of fact-finding and disposition which awarded custody of the child to the Department of Social Services.

The Family Court did not err in determining that the infant, Scott M., was neglected, since the Department of Social Services proved by a preponderance of the evidence that both parents were neglectful (see, Family Ct Act § 1012 [f] [i] [B]). The uncontested evidence adduced at the fact-finding hearing indicated that the father repeatedly abused alcoholic beverages, after which he physically and verbally abused the mother, at times in the presence of the infant. Such evidence is prima facie proof that the father's judgment was substantially impaired (see, Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [iii]; see, Matter of Jessica FF., 211 AD2d 948).

Moreover, although the mother appeared to love the child, the evidence indicated that she did not consistently exercise the minimum degree of care necessary to ensure the safety and good health of the child (see, Family Ct Act § 1012 [f] [i]; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 241; Besharov, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, 1997 Pocket Part, at 101; see, Matter of Katherine C., 122 Misc 2d 276).

However, by dispensing with the dispositional hearing, the Family Court limited its ability to make an informed judgment as to the need for alternative or additional dispositional remedies in the child's best interest (see, Family Ct Act §§ 1045, 1047, 1052 [a] [i]-[v]; see, Matter of Suffolk Dept. of Social Servs. [Michael V.] v James M., 83 NY2d 178, 183). Moreover, the parents did not specifically waive their right to be present at a dispositional hearing (see, Family Ct Act § 625 [a]). Under the circumstances, the matter must be remitted to the Family Court for a dispositional hearing. Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.