In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Department of Information Technology and Telecommunications of the City of New York dated January 13, 2000, which denied the petitioner a public pay telephone franchise, the petitioner appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Vaughan, J.), dated July 27, 2001, which granted the respondent’s cross motion to dismiss the petition and dismissed the petition, and (2) an order of the same court dated September 5, 2001, which denied its motion, in effect, for reargument.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the order and judgment is affirmed; and it is further,
*593 Ordered, that one bill of costs is awarded to the respondent.
The Supreme Court properly determined that the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78 barred the petitioner’s challenge to the determination of the Department of Information Technology and Telecommunications of the City of New York denying it a public pay telephone franchise (see Solnick v Whalen, 49 NY2d 224 [1980]). In a proceeding to review a government agency’s determination, the determination generally becomes final and binding, and the statute of limitations begins to run, when the aggrieved party is notified of it (see Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62, 72 [1989]). Here, the petitioner was notified of the determination on or about January 13, 2000. Since this proceeding was not commenced until on or about July 11, 2000, it is time-barred (see CPLR 217).
In light of our determination, it is unnecessary to address the petitioner’s remaining contentions on its appeal from the order and judgment.
The petitioner’s motion, denominated as one for reargument and renewal, was actually a motion for reargument, the denial of which is not appealable (see High v County of Westchester, 238 AD2d 476 [1997]). Accordingly, we dismiss the appeal from the order. Altman, J.P, Smith, Friedmann and Crane, JJ., concur.