In the Matter of JEREMY D.R. EPISCOPAL SOCIAL SERVICES, Respondent; MARK H., Appellant. [836 NYS2d 626]—

In a proceeding, inter alia, pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from stated portions of an order of fact-finding and disposition of the Family Court, Kings County (Grosvenor, J.), dated October 20, 2005, which, after fact-finding and dispositional hearings, inter alia, found that he permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the subject child to the Commissioner of Social Services of the City of New York and Episcopal Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the evidence presented at

the fact-finding hearing established that the presentment agency made diligent efforts to assist him in planning for the future of his child (*see* Social Services Law § 384-b). These efforts included contacting the father, who was incarcerated, upon learning his identity, advising him of the child's progress, and exploring the possibility of having the paternal grandmother care for the child while he was incarcerated (*see Matter of Danyel Ramona C.*, 306 AD2d 127 [2003]; *Matter of Amanda C.*, 281 AD2d 714 [2001]; *Matter of Ronald Jamel W.*, 227 AD2d 169 [1996]; *Matter of Charles Frederick Eugene M.*, 171 AD2d 343 [1991]). Despite these efforts, the father failed to plan for the future of the child, as the paternal grandmother did not prove to be a viable custodial resource and he failed to provide any alternative plan for the return of the child (*see Matter of Dominique S.*, 276 AD2d 367, 368 [2000]; *Matter of Charles Frederick Eugene M., supra*). Under these circumstances, the Family Court's finding that the father permanently neglected the child should not be disturbed.

In light of the fact that the child had bonded with his foster mother and family, with whom he had lived for virtually his entire life, and that the father had established little if any bond with the child and failed to plan for the future of the child, the Family Court properly found that the best interests of the child would be served by terminating the father's parental rights and freeing the child for adoption (*see Matter of Crystal C.*, 219 AD2d 601, 602 [1995]).

The father's remaining contentions are without merit. Spolzino, J.P., Fisher, Covello and McCarthy, JJ., concur.