◼ In the Matter of IMANI M., a Child Alleged to be Permanently Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DERRICK J., Appellant. [877 NYS2d 417]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of disposition of the Family Court, Dutchess County (Forman, J.), entered January 25, 2008, which, upon a fact-finding order of the same court dated January 25, 2008, made after a hearing, finding that he had permanently neglected the subject child, terminated his parental rights and transferred guardianship and custody of the child to the Dutchess County Department of Social Services for the purpose of adoption. The notice of appeal from the fact-finding order is deemed to be a notice of appeal from the order of disposition (*see* CPLR 5512 [a]). The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a dispositional hearing in accordance herewith.

Contrary to the father's contention, the evidence presented at the fact-finding hearing established that the petitioner, Dutchess County Department of Social Services (hereinafter the agency), made diligent efforts to encourage and strengthen the parent-child relationship (*see* Social Services Law § 384-b [7] [a]). Upon

learning his identity, the agency contacted the father, who was incarcerated, kept him advised him of the child's progress, reminded him of the need to find a resource for the care of the child, and explored the possibility of having a paternal aunt, or one of the other individuals suggested by the father, care for the child while he was incarcerated (*see Matter of Jeremy D.R.*, 40 AD3d 764, 765 [2007]; *Matter of "Female" V.*, 21 AD3d 1118, 1119 [2005]). Moreover, the finding of permanent neglect was supported by clear and convincing evidence that the father failed provide a "realistic and feasible" plan for the child's future, as the paternal aunt, and the father's suggested alternative caregivers, proved not to be viable custodial resources (Social Services Law § 384-b [7] [c]; *see Matter of Star Leslie W.*, 63 NY2d 136, 143 [1984]; *Matter of Love Russell J.*, 7 AD3d 799, 800 [2004]; *Matter of Baby Girl C.*, 1 AD3d 593, 594 [2003]; *Matter of Dominique S.*, 276 AD2d 367, 368 [2000]).

Nevertheless, the matter must be remitted to the Family Court, Dutchess County, for a dispositional hearing, as it was improper for the Family Court to fail to hold such a hearing in the absence of the consent of the parties (*see* Family Ct Act § 625 [a]; *Matter of Orange County Dept. of Social Servs. [Edward L.]*, 250 AD2d 853 [1998]; *Matter of Department of Social Servs. v Janna C.*, 237 AD2d 603, 605 [1997]).

The father's remaining contention is not properly before this Court. Skelos, J.P., Fisher, Miller and Eng, JJ., concur.