In the Matter of KENNETH FREDERICK G., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLES G., JR., Appellant. [915 NYS2d 864]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Dutchess County (Posner, J.), dated February 5, 2010, which, after fact-finding and dispositional hearings, found that he permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the subject child to the Dutchess County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the father's contention, the evidence presented at the fact-finding hearing established that the presentment agency made diligent efforts to assist him in planning for the future of his child (*see* Social Services Law § 384-b). These efforts included contacting the father, who was incarcerated, advising him of the child's progress, encouraging him to participate in planning for the child, and exploring the alterative custodial resources offered by the father to care for the child (*see Matter of Imani M.*, 61 AD3d 870, 870-871 [2009]; *Matter of Jeremy D.R.*, 40 AD3d 764, 765 [2007]; *Matter of Danyel Ramona C.*, 306 AD2d 127, 128 [2003]). Despite these efforts, the father failed to provide a realistic alternative to foster care for the child's future, because the paternal grandmother, and the other suggested alternative caregivers, proved not to be viable custodial resources (*see Matter of Jeremy D.R.*, 40 AD3d at 765; *Matter of "Female" V.*, 21 AD3d 1118, 1119 [2005]; *Matter of Baby Girl C. [Kevin S.]*, 1 AD3d 593, 594 [2003]). Therefore, the Family Court's finding that the father permanently neglected the child should not be disturbed.

As the child had bonded with his foster family, who want to adopt him, and in light of the father's failure to plan for the child's future, the Family Court properly determined that the

best interests of the child would be served by terminating the father's parental rights and freeing the child for adoption by his foster parents (*see Matter of Jamaorqui R.B.*, 56 AD3d 465, 466 [2008]; *Matter of Jeremy D.R.*, 40 AD3d at 765; *Matter of Baby Girl C. [Kevin S.]*, 1 AD3d at 594). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.