In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Gruebel, J.), dated December 13, 2012, as, after fact-finding and dispositional hearings, and upon a decision of the same court (Ambrosio, J.), dated August 3, 2011, found that she permanently neglected the subject child, terminated her *699 parental rights, and transferred guardianship and custody of the subject child to the petitioners for the purpose of adoption, and the father separately appeals, as limited by his brief, from so much of the same order of fact-finding and disposition as found that he was not a father whose consent to the adoption of the subject child was required pursuant to Domestic Relations Law § 111, and that he permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the petitioners for the purpose of adoption.
Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On a prior appeal, this Court determined that reasonable efforts to return the subject child to the home should be excused as being detrimental to her best interests (see Matter of Yamillette G. [Marlene M.], 74 AD3d 1066, 1068 [2010]). “The law of the case doctrine forecloses re-examination of that issue, absent a showing of subsequent evidence or a change in the law” (Clinkscale v Sampson, 104 AD3d 722, 723 [2013]; see Wells Fargo Bank Minn., N.A. v Perez, 70 AD3d 817, 817 [2010]). Here, the mother and father had a full and fair opportunity to address this issue. They have neither presented any new evidence that would change the result nor demonstrated that there has been a subsequent change in the law. Under these circumstances, the mother and father are barred from raising the same arguments again on this appeal.
The Family Court’s determination that the father’s consent to the adoption of the subject child was not required is supported by clear and convincing evidence. The father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with the child (see Domestic Relations Law § 111 [1] [d]; Matter of Julian J.C. [Juan C.], 96 AD3d 937, 938 [2012]; Matter of Michael A.B. [Richard A.B.], 98 AD3d 579, 579 [2012]). Moreover, his incarceration “did not absolve him of the responsibility to provide financial support for the child, according to his means, and to maintain regular contact with the child or the petitioner” (Matter of Jayquan J. [Clint J.], 77 AD3d 947, 948 [2010]; see Matter of De’Von M.F.C. [Mustapha F.], 105 AD3d 738, 739 [2013]; Matter of Martin V.L. [Martin L.], 88 AD3d 714, 715 [2011]; Matter of Kevin A., Jr., 61 AD3d 859, 860 [2009]).
As the court further found, clear and convincing evidence established that the father permanently neglected the subject child by failing to plan for her future, as the paternal grand *700 mother was not a viable custodial resource (see Social Services Law § 384-b [7] [c]; Matter of Angel R.F. [Nicholas F.], 114 AD3d 781, 781 [2014]; Matter of Kenneth Frederick G. [Charles G.], 81 AD3d 645, 645 [2011]; Matter of Jeremy D.R., 40 AD3d 764, 765 [2007]). Additionally, the evidence presented at the fact-finding hearing demonstrated that the mother failed to plan for the future of the subject child, as she did not offer a viable custodial resource (see Social Services Law § 384-b [7] [c]; Matter of Angel R.F. [Nicholas F.], 114 AD3d at 781; Matter of Kenneth Frederick G. [Charles G.], 81 AD3d at 645; Matter of Jeremy D.R., 40 AD3d at 765). Accordingly, the Family Court’s finding that the mother and father permanently neglected the subject child should not be disturbed.
After a finding of permanent neglect has been made, the Family Court must render a disposition based upon the best interests of the child (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). Here, a preponderance of the evidence supports the determination that it was in the best interests of the subject child to terminate the parental rights of the mother and father rather than issue a suspended judgment. Although the mother had attended therapy and participated in a parenting group, as well as other forms of training during her incarceration, the subject child has lived all of her life, except for the first two months, with her foster parents, with whom she has bonded, and who have adopted her older sister and want to adopt her. Accordingly, the Family Court properly determined that it would be in the subject child’s best interests not to enter a suspended judgment, but instead to terminate the parental rights of the father and mother, and free her for adoption by her foster parents (see Matter of Jewels E.R. [Julien R.], 104 AD3d 773, 773 [2013]; Matter of Shaprea L.R. [Mario L.], 97 AD3d 587, 588 [2012]; Matter of Christopher T. [Margarita V.], 94 AD3d 900, 900-901 [2012]; Matter of Walter D.H. [Zaire L.], 91 AD3d 950, 951 [2012]).
We decline to reach the contentions improperly raised for the first time on appeal by the father and the mother (see Kin Hwa Ku v City of New York, 106 AD3d 698, 699 [2013]; NYU Hosp. for Joint Diseases v Country Wide Ins. Co., 84 AD3d 1043, 1044 [2011]).
The remaining contentions raised by the father are without merit.
Rivera, J.E, Lott, Miller and Duffy, JJ., concur.