■ In the Matter of DESTINY B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIEL B., Appellant, et al., Respondent. [990 NYS2d 867]—

In a child protective proceeding pursuant to Family Court Act article 10 and Social Services Law § 384-b, the father appeals from (1) an order of the Family Court, Suffolk County (Freundlich, J.), dated July 26, 2012, which, after a hearing, denied the motion of the Suffolk County Department of Social Services, as joined in by the father, in effect, pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition dated October 31, 2011, as modified on January 12, 2012, to change the placement of the subject child from nonrelative foster care to placement with her maternal great-grandparents, and (2) an order of fact-finding and disposition of the same court dated March 5, 2013, which, after fact-finding and dispositional hearings, found that he permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the appeal from the order dated July 26, 2012, is dismissed as academic, without costs or disbursements, in light of the subsequent order of fact-finding and disposition dated March 5, 2013; and it is further,

Order that the order of fact-finding and disposition dated March 5, 2013, is affirmed, without costs or disbursements.

The Family Court properly found that the father permanently neglected the child (*see* Social Services Law § 384-b). Contrary to the father's contention, the Suffolk County Department of Social Services established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see Matter of Corey S. [Angel S.]*, 112 AD3d 641, 642 [2013]; *Matter of Kenneth Frederick G. [Charles*

*G.]*, 81 AD3d 645, 645 [2011]; *Matter of Imani M.*, 61 AD3d 870, 871 [2009]). Despite these efforts, the father failed to plan for the child's future (*see Matter of Tramel T.V. [Tracina M.V.]*, 108 AD3d 726, 726 [2013]; *Matter of Imani M.*, 61 AD3d at 871; *Matter of "Female" V.*, 21 AD3d 1118, 1119 [2005]).

The Family Court also properly determined that termination of the father's parental rights, rather than the entry of a suspended judgment, was in the child's best interests (*see* Family Ct Act § 631; *see Matter of Jessica C. [Johanna B.]*, 117 AD3d 1044 [2014]; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937, 938-939 [2013]). Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.