■ In the Matter of JENNA K. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEREMY K., Appellant. (Proceeding No. 1.) In the Matter of SAVANNAH O. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEREMY K., Appellant. (Proceeding No. 2.) [19 NYS3d 296]—

Appeal from an order of disposition of the Family Court, Orange County (Debra J. Kiedaisch, J.), dated September 23, 2013. The order of disposition, upon a fact-finding order of that court dated August 16, 2013, finding, after a fact-finding hearing, that the father permanently neglected the subject children, and after a dispositional hearing, terminated the father's parental rights and transferred the guardianship and custody of the subject children to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A parent's incarceration does not obviate the obligation to develop a "realistic and feasible" plan for the children's future (Social Services Law § 384-b [7] [c]; *see Matter of Gregory B.*, 74 NY2d 77, 89 [1989]). A plan for children to remain in foster care throughout a parent's incarceration and for a period of time thereafter as necessary to establish suitable living arrangements for the children is not a viable plan to secure permanency for the children (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 431 [2012]; *Matter of Gregory B.*, 74 NY2d at 89; *Matter of Britiny U. [Tara S.]*, 124 AD3d 964, 966 [2015]; *Matter of Joannis P. [Joseph Q.]*, 110 AD3d 1188, 1191 [2013]; *Matter of Johanna M. [John L.]*, 103 AD3d 949, 950 [2013]; *Matter of James J. [James K.]*, 97 AD3d 936, 938 [2012]). Thus, "[t]he failure of an incarcerated parent to provide any 'realistic and feasible' alternative to having the children remain in foster care until the parent's release from prison . . . supports a finding of permanent neglect" (*Matter of Gena S. [Karen M.]*, 101 AD3d 1593, 1594 [2012], quoting *Matter of Jamel Raheem B.*

*[Vernice B.],* 89 AD3d 933, 935 [2011]; *see Matter of Tramel T.V. [Tracina M.V.],* 108 AD3d 726 [2013]).

Here, the father failed to provide any feasible plan for the subject children other than continued foster care until after he was released from prison and had time to "get on [his] feet." Accordingly, despite the petitioner's diligent efforts to encourage and strengthen the parental relationship, the father failed to adequately plan for the children's future, and the Family Court's finding of permanent neglect was supported by clear and convincing evidence (*see* Social Services Law § 384-b [7] [a]; *Matter of Hailey ZZ. [Ricky ZZ.],* 19 NY3d at 431).

Further, the Family Court properly determined that the best interests of the subject children would be served by terminating the father's parental rights and freeing the children for adoption by the foster parents (*see* Family Ct Act § 631). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.