■ In the Matter of AMANDA P.S. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANCES C. et al., Appellants. [21 NYS3d 280]—

Appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), entered January 23, 2014. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother and father permanently neglected the subject child and transferred guardianship and custody of the subject child to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly found that the mother permanently neglected the subject child, who had been in the petitioner's care for seven years. The petitioner demonstrated, by clear and convincing evidence, that during the relevant period of time, despite its diligent efforts to strengthen and encourage the parent-child relationship, the mother failed to plan for the child's future (*see Matter of Autumn P. [Alisa R.],* 129 AD3d 519 [2015]; *Matter of Angelo E.S. [Katoya P.M.],* 129 AD3d 850 [2015]; *Matter of Kayla S.-G. [David G.],* 125 AD3d 980 [2015]). In addition, the Family Court properly determined that, under the circumstances, the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption by her foster mother (*see Matter of Joshua E.R. [Yolaine R.],* 123 AD3d 723 [2014]).

The Family Court also properly found that the father permanently neglected the subject child. The petitioner demonstrated, by clear and convincing evidence, that during the relevant period of time, despite its diligent efforts to strengthen and encourage the parent-child relationship, the father, who did not appear in court, failed to substantially and continuously maintain contact with the child, as he had not visited the child for almost a year. Further, the father failed to plan for the return of the child by failing to comply with his service plan. During the two-year period when the petitioner exercised diligent efforts to help the father, he failed to consistently attend casework counseling sessions, never went for a substance abuse evaluation, and did not participate in family therapy, offering as his only excuse that the therapy sessions conflicted with his work schedule (*see Matter of Mercedes R.B. [Heather C.],* 130 AD3d 1022, 1023 [2015]; *Matter of Maximus K.B. [Orlando B.],* 129 AD3d 951, 952 [2015]). Further, the Family Court properly determined that the best interests of the child would be served by also terminating the father's parental rights and freeing the child for adoption by her foster mother (*see Matter of Christina M.R. [Lynette Cassandra C.],* 101 AD3d 1021, 1022 [2012]; *Matter of Malen Sansa V. [Nancy J.],* 70 AD3d 707, 708 [2010]). Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.