In the Matter of ANAIS MARIA O., Also Known as ANAIS O. and Another. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent; JOSE MANUEL O., Also Known as

JOSE O. and Others, Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JOSE MANUEL O. III, Also Known as JOSE O. III and Others. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent; JOSE MANUEL O., Also Known as JOSE O. and Others, Appellant, et al., Respondent. (Proceeding No. 2.) [21 NYS3d 626]—Appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Mary Beth Richroath, J.) (one as to each child), both dated October 21, 2014. The orders, after fact-finding and dispositional hearings, found that the father permanently neglected the subject children, terminated his parental rights, and transferred the guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and Little Flower Children and Family Services of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the father's contentions, the record amply supports the Family Court's findings that the petitioner fulfilled its statutory obligation of employing diligent efforts to strengthen the parent-child relationship (*see Matter of Britiny U. [Tara S.]*, 124 AD3d 964, 966 [2015]; *Matter of Zachi D.D. [Jeffrey D.]*, 124 AD3d 776 [2015]; *Matter of Angel R.F. [Nicholas F.]*, 114 AD3d 781 [2014]; *Matter of Tramel T.V. [Tracina M.V.]*, 108 AD3d 726 [2013]; *Matter of James J. [James K.]*, 97 AD3d 936, 937 [2012]; *Matter of Kenneth Frederick G. [Charles G.]*, 81 AD3d 645 [2011]; *Matter of Imani M.*, 61 AD3d 870, 871 [2009]; *Matter of Jeremy D.R.*, 40 AD3d 764 [2007]; *Matter of Jonathan R.*, 30 AD3d 426, 427 [2006]; *Matter of Baby Girl C.*, 1 AD3d 593 [2003]). Moreover, the petitioner sustained its burden of demonstrating, by clear and convincing evidence, that the father permanently neglected his children by failing to establish a realistic plan for their future (*see Matter of Tramel T.V. [Tracina M.V.]*, 108 AD3d 726 [2013]). A parent's incarceration does not excuse the planning requirement, and under the circumstances of this case, the father did not offer a viable plan (*see Matter of Gregory B.*, 74 NY2d 77, 90 [1989]). Also, the court properly determined that the best interests of the subject children would be served by terminating the father's parental rights and freeing the children for adoption by the foster father (*see* Family Ct Act § 631). Eng, P.J., Mastro, Cohen and Miller, JJ., concur.