■ In the Matter of JOSHUA J.C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE C., Appellant. (Proceeding No. 1.) In the Matter of JASMINE M.C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE C., Appellant. (Proceeding No. 2.) In the Matter of DANNIELLYN M.C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE C., Appellant. (Proceeding No. 3.) In the Matter of ISMAEL C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE C., Appellant. (Proceeding No. 4.) [45 NYS3d 111]—

Appeal by the father from an order of fact-finding and disposition of the Family Court, Westchester County (Mary Anne Scattaretico-Naber, J.), dated February 3, 2015. The order, after fact-finding and dispositional hearings, and upon a decision of that court (Klein, J.) entered December 12, 2014, found that the father permanently neglected the subject children, terminated his parental rights, and transferred custody and guardianship of the subject children to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the father's contention, the evidence presented at the fact-finding hearing established that the presentment agency made diligent efforts to assist him in planning for the future of his children (see Social Services Law § 384-b). These efforts included locating and contacting the father, who was incarcerated under a false name, advising him of the children's progress, encouraging him to participate in planning for the children, and exploring the alternative custodial resources identified by the father (see Matter of Kenneth Frederick G. [Charles G.], 81 AD3d 645, 645 [2011]; Matter of Imani M., 61 AD3d 870, 870-871 [2009]; Matter of Jeremy D.R., 40 AD3d 764, 765 [2007]). Visitation would not have been in the children's best interests in light of their ages, the visitation conditions at Rikers Island, their expressed anxiety and concern about visitation, and the recommendation of their therapist (see Matter of Charles K. [Charles L.], 100 AD3d 1308, 1309 [2012]; Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1234 [2010]). Moreover, the finding of permanent neglect was supported by clear and convincing evidence that the father failed to provide a realistic alternative to foster care, as each of the suggested alternative caregivers proved not to be a viable custodial resource or would not accept custody of all the children, for whom remaining together was a priority (see Matter of Kenneth Frederick G. [Charles G.], 81 AD3d at 645; Matter of Jeremy D.R., 40 AD3d at 765; Matter of "Female" V., 21 AD3d 1118, 1119 [2005]; Matter of Baby Girl C., 1 AD3d 593, 594 [2003]).

The Family Court properly determined that the best interests of the children would be served by terminating the father's parental rights and freeing the children for adoption by the foster parents (see Family Ct Act § 631). Contrary to the father's contention, the court "is not authorized to include [post-

termination contact] in a dispositional order made pursuant to Social Services Law § 384-b" where, as here, "parental rights are terminated after a contested proceeding" (*Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 438 [2012]). Chambers, J.P., Roman, Miller and Barros, JJ., concur.