Appeal by the mother from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Pic-cirillo, J.), dated April 6, 2016. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child and, pursuant to Social Services Law § 384-b (4) (c), was presently and for the foreseeable future unable to provide proper and adequate care for the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the petitioner and the New York City Children’s Services for the purpose of adoption.
 

 Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
 

 The petitioner commenced this proceeding to terminate the mother’s parental rights pursuant to Social Services Law § 384-b on the grounds that she permanently neglected the subject child and, pursuant to Social Services Law § 384-b (4) (c), was presently and for the foreseeable future unable to provide proper and adequate care for the child. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child and, pursuant to Social Services Law § 384-b (4) (c), was presently and for the foreseeable future unable to provide proper and adequate care for the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the New York City Children’s Services for the purpose of adoption. The mother appeals.
 

 Contrary to the mother’s contention, the petitioner met its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship by, among other things, scheduling regular visits between the mother and the child, providing the mother with a visiting coach to assist her to interact appropriately with the child during visits, referring her to mental health services and parenting skills training, and attempting to place her in supportive housing (see Social Services Law § 384-b [3] [g] [i]; [7] [a], [f]; Matter of Sheila G., 61 NY2d 368, 385 [1984]; Matter of Elias P. [Ferman P.], 145 AD3d 1066, 1068 [2016]; Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 744 [2016]). Moreover, the evidence adduced at the fact-finding hearing established, by the requisite clear and convincing standard of proof, that despite the petitioner’s efforts, the mother failed to plan for the future of the child (see Social Services Law § 384-b [7] [a]; Matter of Elias P. [Ferman P.], 145 AD3d 1066 [2016]; Matter of Daniel K.L. [Shaquanna L.], 138 AD3d at 744; Matter of Jahira N.D. [Shaniqua S.S.], 111 AD3d 826, 827 [2013]).
 

 The record also supports the Family Court’s determination that the petitioner established by clear and convincing evidence that, pursuant to Social Services Law § 384-b (4) (c), the mother was presently and for the foreseeable future unable to provide proper and adequate care for the child (see Social Services Law § 384-b [3] [g] [i]; [4] [c]; [6] [b]; Matter of Joyce T., 65 NY2d 39, 45-46 [1985]; Matter of Kaylee Y.B. [Beverly B.], 137 AD3d 901, 902 [2016]; Matter of Diante B. [Kelly B.], 75 AD3d 599, 600 [2010]; Matter of Mercedes W.R. [Ellen C.], 69 AD3d 638, 638 [2010]; Matter of Karan Ann B., 293 AD2d 673, 673-674 [2002]). Dr. Mitchell Frank, the court-appointed psychologist who evaluated the mother, concluded that the mother’s full scale IQ was 65, her intellectual functioning was in the extremely low range of abilities, her deficits originated during childhood, and her adaptive functioning abilities were significantly compromised. Dr. Frank noted that while the mother was motivated to parent and would be capable of assisting another in the tasks of parenting, she lacked the ability to parent independently. Dr. Frank concluded that the mother was “mildly mentally retarded,” and that her limitations were such that the child, if returned to her care presently or in the foreseeable future, would be at risk of being neglected. The mother did not challenge Dr. Frank’s testimony.
 

 Accordingly, the Family Court properly terminated the mother’s parental rights and transferred guardianship and custody of the child to the petitioner and the New York City Children’s Services for the purpose of adoption.
 

 Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.