Appeal by the father from an order of disposition of the Family Court, Kings County (Robert Mulroy, J.), dated April 11, 2016. The order, insofar as appealed from, after a dispositional hearing, terminated the father’s parental rights and transferred custody and guardianship of the subject child to the Commissioner of Social Services of the City of New York and Graham Windham Services to Families and Children for the purpose of adoption. The appeal from the order of disposition brings up for review so much of an order of fact-finding of that court (Michael Ambrosio, J.), dated January 3, 2013, as, after a fact-finding hearing, found that the father permanently neglected the child.
 

 Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
 

 Graham Windham Services to Families and Children (hereinafter the agency) commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father’s parental rights to the subject child on the ground of permanent neglect. The petition alleged that the child, who was placed in foster care as a result of, among other things, the father’s lengthy incarceration, had remained in foster care since November 30, 2007, and that despite the agency’s efforts to strengthen and encourage the father-child relationship, the father failed to plan for the child’s future. After a fact-finding hearing and a dispositional hearing, the Family Court adjudicated the child to be permanently neglected, and, among other things, terminated the father’s parental rights.
 

 Contrary to the father’s contention, the Family Court properly determined that the agency established by clear and convincing evidence that it made diligent efforts to strengthen and encourage the parent-child relationship, despite the father’s incarceration (see Matter of Dutchess County Dept. of Social Servs. [Tony R.], 115 AD3d 952, 952 [2014]; Matter of Angel R.F. [Nicholas F.], 114 AD3d 781, 782 [2014]), and that the father permanently neglected the child by failing to plan for the future of the child, as the father’s suggested planning resource was not viable given the length of time the child would have remained in foster care (see Social Services Law § 384-b [7] [a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430 [2012]; Matter of Jenna K. [Jeremy K.], 132 AD3d 995, 995 [2015]). The court also properly determined that terminating the father’s parental rights and freeing the child for adoption by the foster parent would be in the child’s best interests (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147 [1984]; Matter of Tanay R.S. [Tanya M.], 147 AD3d 858, 860 [2017]; Matter of Justin I.B. [Natalie B.], 99 AD3d 897, 897-898 [2012]; Matter of Daevon Lamar P., 48 AD3d 469, 470 [2008]).
 

 Dillon, J.P., Balkin, Miller and LaSalle, JJ., concur.