Matter of "Baby Boy" I. v Edna I. (2018 NY Slip Op 08130)





Matter of "Baby Boy" I. v Edna I.


2018 NY Slip Op 08130


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-13241
 (Docket No. B-7578-14)

[*1]In the Matter of "Baby Boy" I. (Anonymous), also known as Ethan I. (Anonymous). Edwin Gould Services for Children and Families, respondent; Edna I. (Anonymous), appellant.


Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for appellant.
John R. Eyerman, New York, NY, for respondent.
Robert Marinelli, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Alicea Elloras, J.), dated October 27, 2017. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, in effect, denied the mother's application for post-termination parental access with the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
Edwin Gould Services for Children and Families (hereinafter EGS) filed a petition pursuant to Social Services Law § 384-b to terminate the mother's parental rights with regard to the subject child. After a fact-finding hearing, the Family Court determined, inter alia, that the mother is mentally ill within the meaning of Social Services Law § 384-b(6)(a), terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the Commissioner of the Administration for Children's Services of the City of New York and EGS for the purpose of adoption. The court, in effect, denied the mother's application for post-termination parental access with the subject child. The mother appeals.
We agree with the Family Court's determination to, in effect, deny the mother's application for post-termination parental access. The Family Court lacks the authority to direct post-termination parental access where, as here, parental rights have been terminated after a contested proceeding pursuant to Social Services Law § 384-b (see Matter of Hailey ZZ. [Rickey ZZ.], 19 NY3d 422, 438; Matter of Candelaria v Nardil, 154 AD3d 748, 748-749; Matter of Joshua J.C. [Jose C.], 145 AD3d 883, 884-885; Matter of Jamel D.G. [Monique G.], 108 AD3d 766, 767).
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court