Matter of Justin A.G.M. (Richard G.V.) (2018 NY Slip Op 08936)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Justin A.G.M. (Richard G.V.)

2018 NY Slip Op 08936

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-06836
(Docket Nos. B-13759-14, AS-23747-14)

[*1]In the Matter of Justin A.G.M. (Anonymous). Edwin Gould Services for Children and Families, petitioner-respondent; Richard G.. (Anonymous), also known as Richard G. (Anonymous), appellant, et al., respondent.

Daniel P. Moskowitz, Jamaica, NY, for appellant.
John R. Eyerman, New York, NY, for petitioner-respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan Piccirillo, J.), dated May 2, 2017. The order, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the Commissioner of the Administration for Children's Services of the City of New York and the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject child on the ground of permanent neglect. The petition alleged that the child had been in foster care since October 2012 as a result of, among other things, the father's incarceration, and that despite the petitioner's efforts to strengthen and encourage the parent-child relationship, the father failed to plan for the child's future. After fact-finding and dispositional hearings, the Family Court found that the father permanently neglected the child, terminated his parental rights, and transferred guardianship and custody of the child to the Commissioner of the Administration for Children's Services of the City of New York and the petitioner for the purpose of adoption. The father appeals.
Contrary to the father's contention, the evidence presented at the fact-finding hearing established that the petitioner made diligent efforts to assist the father in planning for the future of the child (see Social Services Law § 384-b; Matter of Isaiah T.F.-C. [D'Juan C.], 155 AD3d 950, 951; Matter of Joshua J.C. [Jose C.], 145 AD3d 883, 884). These efforts included facilitating visits between the child and the incarcerated father, advising the father of the child's well-being, encouraging the father to participate in planning for the child's future, and exploring the alternative [*2]custodial resources identified by the father (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; Matter of Joshua J.C. [Jose C.], 145 AD3d at 884; Matter of Angel R.F. [Nicholas F.], 114 AD3d 781, 782; Matter of Tramel T.V. [Tracina M.V.], 108 AD3d 726, 726; Matter of Kenneth Frederick G. [Charles G.], 81 AD3d 645, 645; Matter of Love Russell J., 7 AD3d 799, 800). Moreover, the finding of permanent neglect was supported by clear and convincing evidence that the father failed to plan for the future of the child, as the father's suggested planning resources were not viable (see Matter of Isaiah T.F.-C. [D'Juan C.], 155 AD3d at 951; Matter of Joshua J.C. [Jose C.], 145 AD3d at 884; Matter of Angel R.F. [Nicholas F.], 114 AD3d at 782). Further, we agree with the Family Court's determination that terminating the father's parental rights and freeing the child for adoption by the foster parents was in the child's best interests (see Matter of Isaiah T.F.-C. [D'Juan C.], 155 AD3d at 951; Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 895).
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court