Matter of Shakira M.S. (Sergio P. G.M.) (2019 NY Slip Op 01418)





Matter of Shakira M.S. (Sergio P. G.M.)


2019 NY Slip Op 01418


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-07527
2017-07530
 (Docket Nos. B-25558-15, B-25559-15)

[*1]In the Matter of Shakira M.S. (Anoymous). Coalition for Hispanic Family Services, respondent; Sergio P. G.M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Stephanie L. Z.M.S. (Anonymous). Coalition for Hispanic Family Services, respondent; Sergio P. G.M. (Anonymous), appellant. (Proceeding No. 2)


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Law Offices of James M. Abramson, PLLC, New York, NY, for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel) attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.) (one as to each child), both dated May 23, 2017. The orders, after fact-finding and dispositional hearings, found that the father permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and dispostion are affirmed, without costs or disbursements.
The mother and the father are the parents of the two subject children, born in 2001 and 2002. Each child was placed with the petitioner shortly after birth, and the children have remained in the same nonkinship foster home for their entire lives. In May 2012, the Family Court suspended the parents' parental access with the children, and in June 2012, the mother executed a judicial surrender of her parental rights to the children.
In November 2015, the petitioner commenced these proceedings to terminate the father's parental rights on the ground, inter alia, of permanent neglect. After a fact-finding hearing, the Family Court found that the father had permanently neglected the children. After a dispositional hearing, in two orders of fact-finding and disposition, both dated May 23, 2017 (one as to each child), the court terminated the father's parental rights and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for [*2]the purpose of adoption. The father appeals. The children were adopted by their foster mother in August 2017.
The petitioner demonstrated by clear and convincing evidence that, during the relevant period of time, the father failed to plan for the return of the children although physically and financially able to do so (see Social Services Law § 384-b[7][a]). The father failed to comply with his service plan despite the petitioner's diligent efforts to strengthen and encourage the parent-child relationship. Although the petitioner tried to accommodate the father's work schedule, the father never went for a mental health evaluation or treatment, failed to attend a parenting skills class, failed to provide information to help him obtain housing, and failed to attend numerous casework counseling sessions and family planning conferences (see Matter of Yamira Empress S. [Yvonne M.S.], 155 AD3d 961, 962; Matter of Elias P. [Ferman P.], 145 AD3d 1066, 1068; Matter of Amanda P.S. [Frances C.], 133 AD3d 861, 862). Contrary to the father's contention, the fact that the petitioner did not make arrangements for parental access does not require a finding that it did not exercise diligent efforts (see Social Services Law § 384-b[7][a]; Matter of Joshua J.C. [Jose C.], 145 AD3d 883, 884; Matter of Deime Zechariah Luke M. [Sharon Tiffany M.], 112 AD3d 535, 536), inasmuch as a petitioner's "diligent efforts" must "not be detrimental to the best interests of the child" (Social Services Law § 384-b[7][a]). Both children refused to visit with the father and, eventually, a Family Court order prevented the petitioner from scheduling parental access. The petitioner was not obligated to seek modification of the order suspending parental access (see Matter of Yasmine F. [Junior F.], 145 AD3d 455, 455). Moreover, the father did not oppose the motion that resulted in that order and never sought modification of the order to resume parental access with the children. Accordingly, we agree with the Family Court's determination that the father permanently neglected the subject children.
The father's contention regarding the timeliness of the petition is improperly raised for the first time on appeal and, in any event, without merit.
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court