Matter of Jeffrey J.P. (Anna A.) (2019 NY Slip Op 01771)





Matter of Jeffrey J.P. (Anna A.)


2019 NY Slip Op 01771


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-06987
 (Docket No. B-13021-17)

[*1]In the Matter of Jeffrey J.P. (Anonymous), Jr. Catholic Guardian Services, respondent;
and
Anna A. (Anonymous), appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Magovern & Sclafani, Mineola, NY (Frederick J. Magovern and Joanna M. Roberson of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Mildred T. Negron, J.), dated April 9, 2018. The order of fact-finding and disposition, after a fact-finding hearing, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and to the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The background facts to this proceeding are set forth in this Court's decision and order on a companion appeal (see Matter of Jeffrey J. P. [Anonymous], ___ AD3d ___ [Appellate Division Docket No. 2017-06956; decided herewith]).
Contrary to the mother's contention, the evidence presented at the fact-finding hearing established that the presentment agency made diligent efforts to assist her in planning for the future of the subject child (see Social Services Law § 384-b). These efforts included contacting the mother, who was incarcerated, advising her of the child's progress, encouraging her to participate in planning for the child, and exploring the alternative custodial resources offered by the mother to care for the child (see Matter of Joshua J.C. [Jose C.], 145 AD3d 883, 884; Matter of Imani M., 61 AD3d 870, 870-871; Matter of Jeremy D.R., 40 AD3d 764, 765; Matter of Danyel Ramona C., 306 AD2d 127, 128). Despite these efforts, the mother failed to provide a realistic alternative to foster care for the child's future, because the alternative caregivers she suggested declined to be custodial resources (see Matter of Jeremy D.R., 40 AD3d at 765; Matter of "Female" V., 21 AD3d 1118; Matter of Baby Girl C. [Kevin S.]., 1 AD3d 593, 594). Therefore, the Family Court properly terminated the mother's parental rights as to the child on the ground of permanent neglect.
RIVERA, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court