Matter of Destiney D.M.L. (Jose L.) (2019 NY Slip Op 01762)





Matter of Destiney D.M.L. (Jose L.)


2019 NY Slip Op 01762


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-09646
 (Docket Nos. B-14541-12, B-14543-12, B-14544-12)

[*1]In the Matter of Destiney D.M.L. (Anonymous). Sheltering Arms Children and Family Services, respondent; Jose L. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Hennessey S.L. (Anonymous). Sheltering Arms Children and Family Services, respondent; Jose L. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Unique M.G. (Anonymous). Sheltering Arms Children and Family Services, respondent; Jose L. (Anonymous), appellant. (Proceeding No. 3)


Carol L. Kahn, New York, NY, for appellant.
Dawn M. Shammas, New York, NY, for respondent.
Fredericka P. Bashir, Brooklyn, NY, attorney for the child Hennessey S. L.
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Erik S. Pitchal, J.), dated November 6, 2017. The order of fact-finding and disposition, insofar as appealed from, upon a decision of the same court dated August 2, 2017, after fact-finding and dispositional hearings, found that the father permanently neglected the child Hennessey S. L., terminated his parental rights, and transferred guardianship and custody of the child Hennessey S. L. to Sheltering Arms Children and



DECISION & ORDER
Family Services for the purpose of adoption.
ORDERED that on the Court's own motion, the notice of appeal from the decision dated August 2, 2017, is deemed to be a premature notice of appeal from the order of fact-finding and disposition dated November 6, 2017 (see CPLR 5520[c]); and it is further,
ORDERED that the order of fact-finding and disposition dated November 6, 2017, is affirmed insofar as appealed from, without costs or disbursements.
Jose L. (hereinafter the father) and Jessica L. (hereinafter the mother) are the parents of the child Hennessey S. L. (hereinafter the child). The mother and father were married in 2006 and separated in 2009. In February 2011, the child was removed from the mother's care, and has remained in foster care since that time. In June 2012, Sheltering Arms Children and Family Services [*2](hereinafter the agency) filed a petition against the father seeking to terminate his parental rights with respect to the child based on permanent neglect.
After a fact-finding hearing, the Family Court determined that the father permanently neglected the child. Following a dispositional hearing, the court terminated the father's parental rights and transferred guardianship and custody of the child to the agency for the purpose of adoption. The father appeals.
We agree with the Family Court's finding that the father permanently neglected the child. The agency demonstrated by clear and convincing evidence that, during the relevant period of time, despite its diligent efforts to strengthen and encourage the parent-child relationship, the father failed to plan for the return of the child by failing to comply with his service plan (see Matter of Yamira Empress S. [Yvonne M.S.], 155 AD3d 961, 962; Matter of Elias P. [Ferman P.], 145 AD3d 1066, 1068; Matter of Amanda P.S. [Frances C.], 133 AD3d 861, 862).
We also agree with the Family Court's determination that it was in the child's best interests to terminate the father's parental rights (see Family Ct Act § 631; Matter of Stephon B.M. [Barry J.M.], 149 AD3d 1080, 1080; Matter of Hector V.P. [Mariana V.], 146 AD3d 889, 890).
The father's contention that a hearing is necessary to determine whether he should be granted a conditional surrender is without merit. Since his parental rights were terminated in an adversarial proceeding, and not as a result of a voluntary surrender, the Family Court has no authority to permit post-termination visitation between him and the child (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 437-438; Matter of Joshua J. C. [Jose C.], 145 AD3d 883, 885; Matter of Melissa DD., 45 AD3d 1219, 1222; cf. Social Services Law § 383-c).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court