Matter of Spiritual A. A. M. (Luz A--Miguel M.) (2019 NY Slip Op 02098)





Matter of Spiritual A. A. M. (Luz A--Miguel M.)


2019 NY Slip Op 02098


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-12612
 (Docket No. B-4577-16)

[*1]In the Matter of Spiritual A. A. M. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Luz A. (Anonymous), respondent-appellant; Miguel M. (Anonymous), nonparty-appellant.


Deborah D. Clegg, New Rochelle, NY, for respondent-appellant.
Lisa F. Colin, White Plains, NY, for nonparty-appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and Justin R. Adin of counsel), for petitioner-respondent.
Karen M. Jansen, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother and the nonparty father separately appeal from an order of the Family Court, Westchester County (Arlene Katz, J.), entered November 1, 2017. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. The nonparty father was deemed a notice father pursuant to Domestic Relations Law § 111-a. The Family Court found, after a fact-finding hearing, that the mother permanently neglected the child, and, after a dispositional hearing, terminated the mother's parental rights and transferred custody and guardianship of the child to the petitioner for the purpose of adoption. The mother and the father separately appeal.
The petitioner met its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the mother and the child by, among other things, developing an appropriate service plan, scheduling regular parental access between the mother and the child, and referring the mother to a parenting skills program (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; Matter of Sheila G., 61 NY2d 368, 384-385; Matter of Yamira Empress S. [Yvonne M.S.], 155 AD3d 961, 962; Matter of Elias P. [Ferman P.], 145 AD3d 1066, 1068). The record shows that, despite the [*2]petitioner's diligent efforts, the mother failed to plan for the return of the child as, inter alia, her participation in the parenting skills program was inconsistent, she failed to gain insight as to the need for services and the reasons for the child's placement in the first instance, she was less than forthcoming with the petitioner and service providers with respect to pertinent circumstances related to herself and the father, together with whom she had planned for the return of the child, and she engaged in disturbing behavior during supervised visits with the child (see Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 726; see also Matter of Isaiah Jaysean J. [Cierra Tassandra J.], 128 AD3d 438, 438-439).
We agree with the Family Court's determination that termination of the mother's parental rights was in the best interests of the child (see Matter of Jasiah T.-V. S.J., 166 AD3d 876; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; Matter of Jeremy D.R., 40 AD3d 764, 765; Matter of Ashey Lorraine R., 22 AD3d 671, 672).
The mother's and the father's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court