Matter of Drevon L. (Tiron L.) (2020 NY Slip Op 01167)





Matter of Drevon L. (Tiron L.)


2020 NY Slip Op 01167


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2018-13889
 (Docket No. B-1776-18)

[*1]In the Matter of Drevon L. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Tiron L. (Anonymous), appellant, et al., respondent.


Michael D. Meth, Chester, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Stephanie Bazile of counsel), for petitioner-respondent.
William E. Horowitz, Briarcliff Manor, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Orange County (Lori Currier Woods, J.), dated November 5, 2018. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated his parental rights, and authorized the Orange County Department of Social Services to consent to the adoption of the child without the consent of, or further notice to, the father.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In November 2016, the Orange County Department of Social Services (hereinafter DSS) removed the subject child from the care of his mother and commenced a proceeding pursuant to Family Court Act article 10 against her. The father, who has been continuously incarcerated since 2014, was not named as a respondent in the child protective proceeding, but was notified of it and of the placement of the child in foster care.
In May 2018, DSS commenced the instant proceeding pursuant to Social Services Law § 384-b seeking, inter alia, to terminate the father's parental rights on the ground of permanent neglect. In an order dated November 5, 2018, the Family Court, among other things, found that the father permanently neglected the child and terminated his parental rights. The father appeals.
Contrary to the father's contention, the evidence presented at the fact-finding hearing established that DSS made diligent efforts to encourage and strengthen the parental relationship by keeping him apprised of the child's welfare, encouraging him to write letters to the child, and exploring the possibility of having the paternal grandmother and uncle care for the child, as the father proposed (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.]., 19 NY3d 422, 430; Matter of Jeremy D.R., 40 AD3d 764, 765). Despite these efforts, the father failed to contact [*2]the child (cf. Matter of Annette B., 4 NY3d 509, 514-515) or to provide any alternative to having the child remain in foster care until his release from prison, including by suggesting other potential resources when the paternal grandmother and uncle failed to show interest in caring for the child (see Social Services Law § 384-b[7][c]; Matter of Jenna K. [Jeremy K.], 132 AD3d 995). Based on the foregoing, the Family Court's finding of permanent neglect was supported by clear and convincing evidence.
Further, we agree with the Family Court's determination that the best interests of the child would be served by terminating the father's parental rights (see Family Ct Act § 631).
The father's remaining contention is without merit.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court